**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                                    **CASE NO. 3:06CR14**

**JOHN BUTLER et al**

## **ORDER**

This cause comes before the Court on three motions [101-1;105-1; 116-1] to sever filed by three of the ten defendants in the above-styled case. The Court has reviewed the briefs and exhibits and is prepared to rule.

The three defendants who seek severance are Candace Turner, Amy Butler and John Estes. Count 1 of the indictment charges all ten of the defendants, including Turner, Butler and Estes, with conspiracy to distribute in excess of 50 grams of methamphetamine. Count 5 also charges Turner and Butler with aiding and abetting one another in the possession with intent to distribute methamphetamine. Turner, Butler and Estes are not charged in any of the other counts of the indictment.

Rule 14(a) of the Federal Rules of Criminal Procedure states that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. Pro. 14(a). Where defendants have been properly joined under Rule 8(b), severance should not be ordered unless "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." <u>Zafiro v. United States</u>, 506 U.S.

534, 538-39, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993).

Although Turner, Butler and Estes have each submitted separate motions to sever, all three motions are functionally identical in the arguments they raise. First, each defendant argues his or her case should be severed because the Government has evidence that the defendant did not know some of the other defendants or even of the conspiracy itself. As the Government notes, however, it is not necessary for each co-conspirator to know all other conspirators involved in the conspiracy, nor is it necessary for every conspirator to participate in all activities in furtherance of the conspiracy or even have knowledge of them. U.S. v. Wilson, 500 F.2d 715, 724 (5th Cir. 1974) cert denied 420 U.S. 977, 95 S.Ct. 1403, 43 L.Ed.3d 658 (1975).

The three defendants who seek severance also argue that they will be prejudiced by being tried with the other seven defendants, some or all of whom are also charged with attempted bribery in connection with an ongoing drug trafficking enterprise. The Court agrees with the Government that any possible prejudice to these defendants can be cured by a limiting instruction. Finally, the three defendants' request for an in camera review of the apparently voluminous statements of all defendants is not well-taken. The Government appears to have complied fully with the requirements of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)(requiring prosecution under Due Process Clause to turn over to defendant evidence favorable to accused upon request where evidence is material to guilt or to punishment). Since the defendants are apparently in possession of all the evidence which they ask the Court to review in camera, the defendants are the ones in the best place to locate specific statements which might be relevant to the Court's considerations. The Court declines, however, to spend days reading transcripts and listening to audio recordings in a fishing expedition on the defendants' behalf.

Finally, Butler raises one additional ground for severance, arguing that she may choose to call co-defendants as exculpatory witnesses and her ability to do so will be compromised if she is tried with the co-defendant she seeks to call since the called witness may exercise his right to remain silent. The Court agrees with the Government that this objection is largely speculative, since Butler has not identified any specific exculpatory testimony which a co-defendant would refuse to give under oath in order to preserve his Fifth Amendment rights. Likewise, the Court also agrees that any danger of prejudice to Butler can be cured by a cautionary instruction to the jury.

In light of the foregoing, the Court finds that all three of these motions **[101-1;105-1; 116-1]** to sever are not well-taken and should be **DENIED**.

This is the 10th day of March, 2006.

       /s/ Michael P. Mills  
      **UNITED STATES DISTRICT JUDGE**